UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELAINE SCHREINER,

              Plaintiff,                                Civil No. 06-1134-HA

              v.

                                                ORDER

KMART CORPORATION, a foreign
corporation, licensed to do business in Oregon,

              Defendant.

_____

HAGGERTY, Chief Judge:

       This diversity premise liability action was removed from Klamath County Circuit Court

to this court on August 8, 2006.  On May 10, 2007, defendant filed a Motion for Summary

Judgment [6] and filed a separate Concise Statement of Material Facts [8], as required by Local

Rule 56.1(a).  Plaintiff's responsive brief to defendant's motion was required to be filed in

accordance with with the Federal Rules of Civil Procedure and this court's Local Rules "within

eleven (11) days after service of the motion."  Local Rule 7.1(e)(1).  Plaintiff failed to file any

ORDER  --  1

response, or any written good cause for avoiding dismissal, by that date.  In sum, plaintiff has failed to demonstrate any willingness to prosecute her case in a timely manner.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Whether to dismiss an action under Rule 41(b) is in the court's discretion.  *See, e.g.*, *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (reviewing dismissal for abuse of discretion).

Courts have an "inherent power to control their dockets," which may be exercised by "impos[ing] sanctions, including where appropriate, . . . dismissal of a case."  *Ferdik*, 963 F.2d at 1260 (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Despite the court's authority to do so, dismissing a case is a harsh penalty that should only be imposed in extreme circumstances.  *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990).

Before dismissing an action for failure to prosecute, the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Ferdik*, 963 F.2d at 1261 (citations omitted).  The court need not make explicit findings in order to show that it has considered these factors.  *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  The court has weighed these factors carefully, and concludes it is appropriate to dismiss this case for lack of prosecution.  The dismissal is with prejudice.

ORDER  --  2

Moreover, the court has evaluated defendant's unopposed summary judgment motion, and finds it meritorious. Because plaintiff failed to respond to defendant's Concise Statement of Facts, the court would deem defendants' Concise Statement of Facts admitted, and so find no genuine issue as to any material fact. *See* Local Rule 56.1(f) ("For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party . . . will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party"). Accordingly, were this case not dismissed for lack of prosecution, defendant's summary judgment motion would be granted. Fed. R. Civ. P. 56(c).

**CONCLUSION**

For the foregoing reasons, this action in its entirety is DISMISSED WITH PREJUDICE, for failure to prosecute. In the alternative, the court would deem defendants' Concise Statement of Facts admitted and, accordingly, would grant defendants' Motion for Summary Judgment [6].

IT IS SO ORDERED.

DATED this __14__ day of June, 2007.

          ____/s/ Ancer L. Haggerty_____
              Ancer L. Haggerty
              United States District Judge

ORDER  --  3